1  **MILBERG LLP**
    Jeff S. Westerman (SBN 94559)
2   jwesterman@milberg.com
    One California Plaza
3   300 South Grand Avenue, Suite 3900
    Los Angeles, California 90071
4   Telephone: 213.617.1200
    Facsimile: 213.617.1975
5
    Kirk E. Chapman
6   kchapman@milberg.com
    Carla F. Fredericks
7   cfredericks@milberg.com
    One Pennsylvania Plaza
8   New York, New York 10119-0165
    Telephone: 212.594.5300
9   Facsimile: 212.868.1229

10 **KYROS & PRESSLY LLP**
    George Pressly
11  Konstantine Kyros
    60 State Street, Suite 700
12  Boston, Massachusetts 02109
    Telephone:  603.320.7030
13
    Attorneys for Plaintiff-Relator
14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                   WESTERN DIVISION

18                                      CV12-06276 DDP(MANx)
    UNITED STATES OF AMERICA, and    ) Case No.
19  THE STATE OF CALIFORNIA, *ex rel.* )
    ALEX DAK,                          ) FILED UNDER SEAL
20                   Plaintiffs,       ) Pursuant to 31 U.S.C. § 3730(b)(2)
                                       )
21       vs.                           ) COMPLAINT
                                       )
22  COLLEGE VISTA CONVALESCENT       ) DEMAND FOR JURY TRIAL
23  HOSPITAL and CENTERPOINTE        )
    THERAPY,                           )
24                                     )
                     Defendants.       )
25                                     )
                                       )
26                                     )
                                       )
27  _____)
28

                              COMPLAINT

1       Plaintiff and Relator Alex Dak ("Relator Dak" or "Relator"), on behalf of

2   the United States of America ("United States") and State of California, brings this

3   action under the federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"), and

4   the California False Claims Act, Government Code §§ 12650, *et seq.* ("CFCA"),

5   against Defendants College Vista Convalescent Hospital ("College Vista") and

6   Centerpointe Therapy ('Centerpointe") (together "Defendants"), and in support

7   thereof state as follows:

8                                 **NATURE OF THE CASE**

9       1.    Relator brings this *qui tam* action against Defendants to recover losses

10  sustained by the Medicare and Medi-Cal programs.

11      2.    Defendants engaged in conduct designed to admit Medicare and

12  Medi-Cal beneficiaries to College Vista's facilities for unnecessary inpatient

13  hospital stays, fraudulently recertified patients for longer than necessary hospital

14  stays, upcoded patient diagnoses to receive greater Medicare reimbursement levels,

15  and billed Medicare and Medi-Cal for services that were not provided.

16      3.    Pursuant to this scheme, Defendants would have necessarily

17  submitted, or caused to be submitted, false claims to Medicare for non-

18  reimbursable hospital stays for Medicare beneficiaries.

19      4.    Pursuant to the scheme, Defendants would have also necessarily

20  submitted, or caused to be submitted, false claims to Medi-Cal for non-

21  reimbursable hospital stays for Medi-Cal beneficiaries.

22      5.    The claims that Defendants would have necessarily submitted, or

23  caused to be submitted to the Medicare and Medi-Cal programs are false because

24  the beneficiaries' hospital admissions and stays were not medically necessary,

25  patients were upcoded so that the level of reimbursement received did not reflect

26  the patients' true diagnoses, and bills were submitted for services that were not

27  provided.

28

6.     The United States and the State of California paid these false and fraudulent claims, and are entitled to recover damages, penalties, attorneys' fees and other relief under the FCA and CFCA.

## JURISDICTION AND VENUE

7.     Relator brings this action on behalf of the United States under the *qui tam* provisions of the FCA.  31 U.S.C. § 3730.  Relator brings this action on behalf of the State of California under the *qui tam* provisions of the CFCA, California False Claims Act, Government Code §§ 12650, *et seq.*

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 31 U.S.C. §§ 3732(a) and (b), which confer jurisdiction over actions brought under 31 U.S.C. §§ 3729 and 3730 and corresponding state law.

9.     This Court has personal jurisdiction over the Defendant, and venue is proper in this District, pursuant to 31 U.S.C. § 3732(a) because Defendant is found, transacts business, and committed violations of 31 U.S.C. § 3729 in this District.

10.    Pursuant to 31 U.S.C. § 3730(b)(2) and parallel provision of the CFCA, Relator prepared and has served with this Complaint on the Attorney General of the United States, the United States Attorney for the Central District of California, and the Attorney General of the State of California a written disclosure of all material evidence and information currently in his possession.

11.    The allegations or transactions described herein have not been publicly disclosed in a Federal criminal, civil, or administrative hearing, lawsuit or investigation in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; in the news media; or in any other form as the term "publicly disclosed" is defined in 31 U.S.C. § 3730(e)(4).

12.    This action is also not based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in an investigation,

report, hearing, or audit conducted by or at the request of the Senate, Assembly, auditor, or governing body of a political subdivision, or by the news media, or in any other form as the term "public disclosure" is defined in Cal. Gov't Code 12652(d)(3).

13.    To the extent that there has been a public disclosure unknown to Relator, he is an original source under 31 U.S.C. § 3730(e)(4) and Cal. Gov't Code 12652(d)(3).

## PARTIES

14.    Relator Alex Dak is a resident of the State of California and was employed by a College Vista Convalescent Hospital as an occupational therapy assistant from March 2011 until the end of June 2011.   Relator was also a subcontractor/employee of another rehabilitation services provider, Centerpointe Therapy.

15.    Defendant College Vista Convalescent Hospital is headquartered in the State of California and is located at 4681 Eagle Rock Blvd in Los Angeles. College Vista is licensed in California as a skilled nursing facility engaged in the business of providing a variety of medical services, including urgent care.   At all times relevant hereto, College Vista was enrolled as a Medicare and Medi-Cal provider.

16.    Defendant Centerpointe Therapy is a contractor of physical therapy, occupational therapy and speech therapy to rehab, nursing companies (e.g., skilled nursing facilities such as College Vista), hospitals, and other organizations, throughout Southern California.   According to its website (http://centerpointetherapy.com), Centerpointe "aims to promote its mission of individualized care catered to promote patient happiness and well-being." Centerpointe was founded in 2005 and is owned, Neal Gandhi, who serves as Centerpointe's CEO and President and who is also a registered physical therapist.

1    Centerpointe is located at 10747 Wilshire Blvd, Suite 805, in Westwood,

2    California.

3       17.    Plaintiff and real party in interest the United States, acting through the

4    Department of Health and Human Services (HHS), and its Centers for Medicare

5    and Medicaid Services (CMS) administers the Health Insurance Program for the

6    Aged and Disabled established by Title XVIII of the Social Security Act, 42

7    U.S.C. §§ 1395, et seq. (Medicare), and Grants to States for Medical Assistance

8    Programs pursuant to Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et

9    seq. (Medicaid).

10      18.    Plaintiff and real party in interest the State of California, through the

11   Department of Health Care Services ("Cal DHCS"), administers its Medicaid

12   program, known as Medi-Cal.  The Medi-Cal program, is 50% funded by the

13   federal government and 50% funded by the State of California.

14      19.    The United States and the State of California ultimately paid the false

15   claims alleged herein and are entitled to the bulk of Relator's recovery.

16                **RELEVANT STATUTES AND REGULATIONS**

17   **Federal and State False Claims Acts**

18      20.    The federal False Claims Act, 31 U.S.C. §§ 3729, et seq., imposes

19   liability on any person who: knowingly presents, or causes to be presented, a false

20   or fraudulent claim for payment or approval (§ 3729(a)(1)(A)); or knowingly

21   makes, uses, or causes to be made or used, a false record or statement material to a

22   false or fraudulent claim (§ 3729(a)(1)(B)).

23      21.    The FCA defines the term "knowingly" to mean actual knowledge,

24   deliberate ignorance of truth or falsity, or reckless disregard of truth or falsity, and

25   no proof of specific intent to defraud is required (§ 3729(b)(1)); defines "claim" to

26   include any request or demand, whether under contract or otherwise, for money

27   that is made to an agent of the United States or to a contractor if the money is to be

28   spent to advance a government program or interest and the government provides or

- 4 -

COMPLAINT

will reimburse any portion of the money (§ 3729(b)(2)); and defines "material" to mean having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property (§ 3729(b)(4)).

22.    The California False Claims Act, Cal. Gov't Code §§ 12650 - 12656, imposes liability on any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval (§ 12651(a)(1)); or knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim (§ 12651(a)(2)).  The CFCA defines "claim" as:

> any request or demand, whether under a contract or otherwise, for money, property, or services, and whether or not the state or a political subdivision has title to the money, property, or services that meets either of the following conditions:
>
> (A) Is presented to an officer, employee, or agent of the state or of a political subdivision.
>
> (B) Is made to a contractor, grantee, or other recipient, if the money, property, or service is to be spent or used on a state or any political subdivision program or interest, and if the state or political subdivision meets either of the following conditions:
>
> (i) Provides or has provided any portion of the money, property, or service requested or demanded.
>
> (ii) Reimburses the contractor, grantee, or other recipient for any portion of the money, property, or service that is requested or demanded.

Cal. Gov't Code § 12650(b)(1).

23.    Additionally, claims for payment knowingly submitted to Medicare or Medicaid that fail to meet the Medicare or Medicaid conditions of payment as set forth in applicable statutes, regulations and requirements constitute false and

1   fraudulent claims under the FCA and CFCA, creating liability for anyone who

2   submitted false claims or caused or conspired in the false claims.

3   **Overview of Relevant Medicare and Medicaid Provisions**

4       24.    Medicare is a federal health insurance program administered by CMS

5   for the elderly and disabled. *See* 42 U.S.C. §§ 1395-1395hhh.

6       25.    Medicaid is a joint federal and state public-assistance program,

7   administered by the states, that pays for certain medical expenses incurred by low-

8   income patients. *See* 42 U.S.C. §§ 1396-1396v. Medicaid is a health care benefit

9   program funded by federal and state governments. The State of California's

10  Medicaid program is known as Medi-Cal. The Medi-Cal program, is 50% funded

11  by the federal government and 50% funded by the State of California. The State of

12  California, Department of Health Care Services ("Cal DHCS") regulates the Medi-

13  Cal program.

14      26.    Medicare requires that inpatient hospital stays be prescribed and

15  ordered by a physician, *See* 42 U.S.C. § 1395y(a)(1)(A); *see also* 42 U.S.C.

16  §1320C-5(A)(1). Medicare does not provide coverage for services that are not

17  reasonable and necessary for the diagnosis or treatment of illness or injury. *See* 42

18  CFR 411.15(k)(1).

19      27.    Hospitals that meet the requirements for participation in the Medicare

20  program may receive compensation for health care services furnished to patients

21  eligible for benefits that are reasonable and necessary for the treatment of the

22  patient. 42 U.S.C. §1395y(a)(1)(A) provides in relevant part that:

23          Notwithstanding any other provision of this title, no payment may be

24          made under [Medicare] part A or part B for any expenses incurred for

25          items or services . . . [¶] which . . . are not reasonable and necessary

26          for the diagnosis or treatment of illness or injury or to improve the

27          functioning of a malformed body member. . . .

28

- 6 -
COMPLAINT

28.     Federal regulations require hospitals to maintain medical records that are accurately written, promptly completed, properly filed and retained, and accessible.

29.     When submitting claims for payment to government healthcare programs via Form UB-92 (paper) or via electronic transmission (ANSI X12837 format), a provider, such as Defendants, certifies that the claim is "correct and complete."

30.     Acute care hospital inpatient stays are paid under Medicare Part A ("Part A").   Under Part A, each case is falls into a diagnosis-related group ("DRG").   The DRG is determined based on patient's diagnosis *at discharge.*

31.     Hospital and skilled nursing facility providers, such as College Vista, are required to submit to the Medicare contractor annual cost reports detailing the costs the hospital or skilled nursing facility claims it incurred in providing services and supplies to Medicare beneficiaries.   Hospitals and skilled nursing facilities submitting such reports are required by Medicare to certify the cost report under penalty of perjury and to maintain all documentation supporting the costs set forth on each annual cost report for three years.

32.     Medicare Part B ("Part B") provides reimbursement for certain other medical services that Part A does not cover.   Under 42 C.F.R. § 409.61, if a beneficiary exhausts Part A days within a benefit period, Part B will pay for certain covered services while the patient is hospitalized if Part B would have paid for the service on an outpatient basis.

33.     Medi-Cal reimburses hospitals, physicians, and other health care providers for medically necessary treatment and services rendered to beneficiaries.

34.     The Medi-Cal program only provides compensation for those health care services "which are reasonable and necessary to protect life, to prevent significant illness or significant disability, or to alleviate severe pain through the

1    diagnosis or treatment of disease, illness or injury. . . ."  (California Code of

2    Regulations, title 22, section 51303, subdivision (a).)

3        35.    Under the Medi-Cal program, "[i]npatient services in hospital are

4    covered only when provided on the signed order of the physician . . . responsible

5    for the care of the patient."  (California Code of Regulations, title 22, section

6    51303, subdivision (d).)

7        36.    Defendants agreed in their Medicare Enrollment Applications to

8    "abide by the Medicare laws, regulations and program; that "payment of a claim by

9    Medicare is conditioned upon the claim and the underlying transaction comply

10   with such laws, regulations, and program instructions;" that they would "not

11   knowingly present or cause to be presented a false or fraudulent claim for payment

12   by Medicare;" and that they would "not submit claims with deliberate ignorance or

13   reckless disregard of their truth or falsity."

14       37.    Defendants agreed in their Medi-Cal Enrollment Applications to abide

15   by all State and federal laws and regulations governing and regulating Medicaid

16   providers.   Defendants further agreed in their Enrollment Applications to "not

17   engage in or commit fraud and abuse," including intentional deception or

18   misrepresentation to obtain an unauthorized benefit.

19   **DEFENDANTS' UNLAWFUL CONDUCT**

20       38.    During his tenure at College Vista and Centerpointe, Relator

21   witnessed Defendants engaged in several schemes to defraud Medicare and Medi-

22   Cal.

23       39.    The first of these schemes was designed to boost inpatient admissions

24   by recruiting patients from "skid row" in Downtown in Los Angeles.

25       40.    Although the "patients" recruited are fully ambulatory and

26   independent, College Vista would nonetheless admit these patients for

27   convalescent hospital stays so that they could submit claims to Medicare for

28   physical and occupational therapy and nursing home care for these patients.  These

1    services were not covered by Medicare as they were not "reasonable and necessary

2    for the diagnosis or treatment of illness or injury" and thus resulted in the

3    submission of false claims. *See* 42 CFR 411.15(k)(1).

4    　　　　41.    In addition, College Vista was receiving reimbursements for patients

5    that would have been appropriate if they were intubated and on a ventilator yet

6    Relator regularly observed those same patients walking out of the facility and

7    getting on a city bus unaided.  Relator believes the patients were traveling on the

8    bus back to skid row in Los Angeles to engage in illegal drug use, only to return to

9    the College Vista afterwards.  Given that none of these patients was intubated and

10    on a ventilator, billing for such services was not covered by Medicare or Medi-Cal.

11    　　　　42.    In some cases, College Vista was also in violation of the Medicare

12    total discharge requirement, because patients would not return to the facility for

13    several days. .Nonetheless, College Vista did nothing to address the matter.

14    　　　　43.    A related scheme was the fraudulent recertification of patients for

15    longer than necessary hospital stays.    Another physical therapist, Eleanore

16    Cantimbuhan, worked at College Vista from March 1, 2011 until May 30, 2011.

17    Cantimbuhan stopped working at College Vista due to fear that the rampant fraud

18    practiced there might cause her to lose her license.

19    　　　　44.    According to Cantimbuhan, 60-70 percent of the residents at College

20    Vista were inappropriately kept as inpatients.  Cantimbuhan also observed longer

21    patient stays that were not medically necessary and improper retention of

22    ambulatory patients in inpatient facilities.    Upon information and belief, these

23    inappropriate patient expenses were billed to Medicare and Medi-Cal.

24    　　　　45.    A third scheme was perpetrated by Centerpointe owner Neal Gandhi,

25    who is a registered physical therapist.  Gandhi's scheme consisted of creating

26    daily documentation for Medicare and having nurses (who are responsible for

27    entering the patient codes that are ultimately submitted to Medicare and Medi-Cal)

28    simply copy the coding in his documentation instead of independently evaluating

- 9 -

1   each patient, as required by law.  The purpose of this scheme was to up-code the

2   patients' diagnoses so that more money could be received from Medicare and

3   Medi-Cal.

4       46.    College Vista also up-coded patients at a higher acuity level for longer

5   than appropriate so that higher reimbursements from Medicare and Medi-Cal could

6   be received.  Relator believes College Vista has been engaged in this practice for

7   years and is continuing in this practice.

8       47.    According to Relator, Neal Gandhi also engaged in a scheme to bill

9   Medicare for services he did not provide.  To this end, Gandhi was often offsite yet

10   billed for eight or nine hours of therapy onsite, amounting to thousands of dollars

11   of fraudulent billing to Medicare for rehabilitation services.

12       48.    Relator has retained timesheets that show the overbilling of patients

13   by Neal Gandhi.  According to Relator, Neal Gandhi lost his last several contracts

14   due to commission of this type of fraud.

15       49.    During the last month of his employment with College Vista, Relator

16   began changing the categorization for his patients to reflect their accurate status

17   and acuity.

18       50.    When Relator mentioned the fraud described above to Gandhi and

19   inquired if he was receiving kickbacks from College Vista in exchange for

20   overbilling, Gandhi advised Relator that the College Vista no longer wanted

21   Relator there because he threatened to expose the fraud.

**COUNT I**
**FEDERAL FALSE CLAIMS ACT**
**31 U.S.C. § 3729, *et seq.***

24       51.    Relator realleges and incorporates by reference the allegations

25   previously alleged herein.

26       52.    This is a claim for treble damages and civil penalties under the False

27   Claims Act, 31 U.S.C. §§ 3729(a)(1)(A) and 3729(a)(1)(B).

53.     As described above, Defendants performed medically unnecessary services on those beneficiaries at the College Vista Convalescent Hospital and submitted, or caused the submission, of the resulting false or fraudulent claims for services rendered to the beneficiaries to Medicare and Medi-Cal.

54.     As a result of the misconduct alleged herein, Defendants knowingly presented, or caused to be presented, to the United States government a false or fraudulent claim for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

55.     As a result of the misconduct alleged herein, Defendants knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B).

56.     Each patient admitted for the purpose of the providing medically unnecessary services that were rendered to Medicare and Medi-Cal beneficiaries as a result of Defendants' illegal conduct represents a false or fraudulent record or statement.   Each claim for reimbursement for all such medically unnecessary services and submitted to a federal health insurance program represents a false or fraudulent claim for payment.

57.     Plaintiff cannot at this time identify all of the false records or statements made and all of the false claims for payment that were caused by Defendants' conduct.   Plaintiff has no control over or access to the records in Defendants' possession.

58.     The United States, unaware of the falsity of Defendants' representations to it or the falsity of the records, statements and claims made by, or on behalf of, Defendants, paid and continues to pay the aforementioned claims which would not be paid but for Defendants' false and illegal practices.

59.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

## COUNT II
## FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. § 3729(a)(1)(C)

60.     Relator realleges and incorporates by reference the allegations previously alleged herein.

61.     This is a claim for treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729(a)(1)(C).

62.     As alleged herein, College Vista and Centerpointe combined, conspired, and agreed together to defraud the United States by knowingly performing medically unnecessary services that were rendered to Medicare and Medi-Cal beneficiaries at College Vista's facilities and causing false claims to be submitted to the United States for the purpose of having those claims paid and ultimately profiting from those false claims.    College Vista and Centerpointe committed other overt acts set forth above in furtherance of that conspiracy, all in violation of 31 U.S.C. § 3729(a)(1)(c).

63.     The United States government, unaware of the false or fraudulent nature of these claims, paid such claims when they would not otherwise have been paid.

64.     By reason of Defendants' acts, the United States has been damaged, and continues to be damaged, in substantial amounts to be determined at trial.

## COUNT III
## CALIFORNIA FALSE CLAIMS ACT
### GOVERNMENT CODE §§ 12651(a)(1) AND (a)(2)

65.     Relator re-alleges and incorporates the allegations in the preceding paragraphs as if fully set forth herein.

66.     This is a claim for treble damages and penalties under the California False Claims Act, Cal. Gov't Code §§ 12651(a)(1) and (a)(2).

67.     By virtue of the acts described above, Defendants knowingly presented or caused to be presented, false or fraudulent claims to the California State Government for payment or approval.

68.     By virtue of the acts described above, Defendants knowingly made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the California State Government to approve and pay such false and fraudulent claims.

69.     The California State Government, unaware of the falsity of the records, statements and claims made, used, presented or caused to be made, used or presented by Defendants, paid and continues to pay the claims that would not be paid but for Defendants' unlawful conduct.

70.     By reason of the Defendants' acts, the State of California has been damaged in a substantial amount to be determined at trial.

## COUNT IV
## CALIFORNIA FALSE CLAIMS ACT
### Government Code § 12651(a)(3)

71.     Relator realleges and incorporates by reference the allegations previously alleged herein.

72.     This is a claim for treble damages and civil penalties under the California False Claims Act, Government Code § 12651(a)(3).

73.     As described above, Defendants, acting in concert with each other and other contractors, agents, partners, and/or representatives, conspired to defraud the State of California by knowingly presenting or causing to be presented, false or fraudulent claims and knowingly making, using, or causing to be made or used, false or fraudulent records and statements, and omitting material facts, to get false and fraudulent claims paid or approved.

74.     As a result, the State of California, unaware of the fraudulent conduct of defendants, paid claims that would not be paid but for Defendants' unlawful conduct.

75.     By reason of Defendants' acts, the State of California has been damaged in a substantial amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Relator Alex Dak requests that Judgment be entered against Defendants, ordering that:

A.     Defendants cease and desist from violating the federal False Claims Act, 31 U.S.C. §§ 3729-3733 and the California False Claims Act, Cal. Gov't Code §§ 12650-12656;

B.     Defendants pay an amount equal to three times the amount of damages the United States has sustained as a result of Defendants' actions, plus a civil penalty of not less than $5,500.00 and not more than $11,000.00 for each violation of 31 U.S.C. § 3729(a)(1);

C.     Defendants pay an amount equal to three times the amount of damages the State of California has sustained as a result of Defendants' actions, plus a civil penalty of not less than $10,000.00 for each violation of the California False Claims Act, Cal. Gov't Code § 12651(a);

D.     Relator be awarded the maximum "relator's share" allowed pursuant to 31 U.S.C. § 3730(d) and the equivalent provisions of the California False Claims Act;

E.     Relator be awarded all costs of this action, including attorneys' fees and expenses pursuant to 31 U.S.C. § 3730(d) and the equivalent provisions of the California False Claims Act;

F.     Defendants are enjoined from concealing, removing, encumbering, or disposing of assets which may be required to pay the damages, penalties, fines, attorneys' fees and costs awarded by the Court;

G.     Defendants disgorge all sums by which they have been enriched unjustly by their wrongful conduct; and

H.     The United States, the State of California, and Relator Alex Dak be awarded such other relief as the Court deems just and proper.

# REQUEST FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator Alex Dak hereby demands a trial by jury.

DATED:      July 20, 2012

**MILBERG LLP**
Jeff S. Westerman

_____
          Jeff S. Westerman

One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: 213.617.1200
Facsimile: 213.617.1975

Kirk E. Chapman
Carla F. Fredericks
One Pennsylvania Plaza
New York, New York 10119-0165
Telephone: 212.594.5300
Facsimile: 212.868.1229

**KYROS & PRESSLY LLP**
George Pressly.
Konstantine Kyros
60 State Street, Suite 700
Boston, Massachusetts 02109
Telephone:  603.320.7030

Attorneys for Plaintiff-Relator

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV12- 6276 DDP (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| UNITED STATES OF AMERICA, and THE STATE OF CALIFORNIA, ex rel. ALEX DAK, | ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) ) |
| v. | ) ) |
| COLLEGE VISTA CONVALESCENT HOSPITAL, CENTERPOINTE THERAPY, | ) ) ) |
| _____ | ) ) |
| *Defendant(s)* | ) |

CV12-06276 DDP (MANx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Jeff S. Westerman
Milberg LLP
300 South Grand Avenue, Suite 3900
Los Angeles, CA 90071

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 20 2012

CLERK OF COURT

JULIE PRADO

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

1154

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____          _____
                                             *Server's signature*

                                 _____
                                             *Printed name and title*

                                 _____
                                             *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> ALEX DAK | DEFENDANTS <br> COLLEGE VISTA CONVALESCENT HOSPITAL, CENTERPOINTE THERAPY |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Jeff S. Westerman <br> Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071 <br> Telephone: 213.617.1200 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
31 U.S.C. § 3729, et seq., Government Code § 12651(a)(3), § 12651(a)(1), § 12651(a)(2)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV12-06276

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date July 20, 2012

   **Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |